IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32558-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL E. TAPIA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Angel Tapia appeals his juvenile court adjudications for second degree criminal trespass and resisting arrest. We accept the State's concession, agree that the evidence does not support the trespass count, and reverse that adjudication. We conclude that the evidence supported the resisting arrest count and affirm that adjudication.

FACTS

The incident giving rise to both charges occurred on the premises of Chief Joseph Middle School in Richland on February 9, 2014. Richland Police Department Officer Joe Brazeau responded to the school shortly after 10:00 p.m. that Sunday evening following a telephone report that two individuals were on the premises. Close to the school building the officer found and contacted Angel Tapia and Daniel Perez, both age 16. The officer knew Mr. Tapia.

A brief conversation ensued. Mr. Perez smelled of alcohol and the officer announced that Mr. Perez was under arrest. Mr. Perez did not submit to the officer and took a fighting stance, leading Officer Brazeau to draw his Taser and order the young man to the ground. Cursing at the officer, Mr. Perez got down on the ground, but did struggle. The officer handcuffed him and discovered a large hunting knife while checking for weapons. The officer removed the knife and threw it a short distance away.

While the officer and Mr. Perez were struggling on the ground, Mr. Tapia was within "arm's reach." Mr. Tapia started to place a call. The officer ordered Mr. Tapia to back away, and put the phone down. The young man responded, "Fuck you, I'll place a call if I want to." Mr. Tapia's conduct impacted Officer Brazeau's arrest of Mr. Perez, since the officer still struggled with controlling Mr. Perez.

Officer Brazeau reached out and knocked the phone away while telling Mr. Tapia that he, too, was under arrest. The officer stood up to take Mr. Tapia under control; the youth slipped out of his jacket, breaking the officer's grip. At this point, Mr. Perez kicked the officer several times and Officer Brazeau had to use a knee strike to take Mr. Tapia to the ground and handcuff him. When the officer turned his attention back to Mr. Perez, Mr. Tapia stood up. The officer again drew his Taser and ordered him back to the ground. Mr. Tapia then complied. Additional officers soon arrived at the location.

Mr. Tapia testified in his own defense. He agreed in general terms with the officer's description of the encounter, but denied trespassing. He testified that he was a

2

student at the school and he and Mr. Perez were waiting to meet friends. Because of previous unfriendly encounters with officers when adults were not present, Mr. Tapia tried to telephone his mother's boyfriend in hopes that he could come to the school.

The trial judge concluded that Mr. Tapia committed both offenses. As a student at the school, he knew there was nothing going on late on a Sunday evening and he had no reason to be there. The resisting arrest was proper because the officer had probable cause to arrest the young man for obstructing the arrest of Mr. Perez. It was an officer "safety issue" with Mr. Tapia using a telephone while standing close to the struggle and it was a "reasonable request" to direct the young man to back away and not use his phone.

Findings of fact and conclusions of law were entered in support of the bench verdict. Mr. Tapia timely appealed from the disposition order.

## ANALYSIS

The sole issue presented is whether the evidence supported each of the two counts. We agree with the parties that the evidence did not support the trespass finding, but affirm the resisting arrest determination.

Mr. Tapia does not challenge any of the factual findings, but he does challenge the conclusions to be drawn from those findings. Well-settled rules govern review of a challenge to the sufficiency of the evidence. The reviewing court does not weigh evidence or sift through competing testimony. Instead, the question presented is whether there is sufficient evidence to support the determination that each element of the crime

was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Green*, 94 Wn.2d at 221. Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).

A trespass occurs when a person "knowingly enters or remains unlawfully in or upon premises of another." RCW 9A.52.080. However, it is a defense that the "premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises." RCW 9A.52.090. When this defense is asserted the State must prove beyond a reasonable doubt that entry or remaining was unlawful. *E.g.*, *State v. R.H.*, 86 Wn. App. 807, 939 P.2d 217 (1997). RCW 9A.52.010(5) provides:

> A license or privilege to enter or remain on improved and apparently used land that is open to the public at particular times, which is neither fenced nor otherwise enclosed in a manner to exclude intruders, is not a license or privilege to enter or remain on the land at other times if notice of prohibited times of entry is posted in a conspicuous manner.

Mr. Tapia argues that unlawful entry was not proven because no signage or fence existed around the school, a location that qualifies as an improved place open to the public. The trial court found that no sign was required for unlawful presence. Instead, the court looked to "the circumstances to determine whether or not a reasonable person would

4

believe that they were legally or illegally on that particular property." The trial court found a reasonable person would conclude they were trespassing based on the late hour, the day of the week, and that no school activities were occurring.

While the conclusion drawn by the trial court is a reasonable one based on the facts presented, the statute requires evidence of either fencing or signage. The State failed to prove either and, quite appropriately, concedes that the evidence was not sufficient. We accept the concession and reverse that adjudication.

Resisting arrest occurs when a person "intentionally prevents or attempts to prevent a peace officer from lawfully arresting him." RCW 9A.76.040. Mr. Tapia argues both that he was not lawfully arrested because he did not obstruct the officer and that his actions did not amount to resistance.

"A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties." RCW 9A.76.020. Speech alone is insufficient to constitute obstruction, although conduct coupled with speech is sufficient.[1] *State v. E.J.J.*, 183 Wn.2d 497, 502-503, __ P.3d __ (2015); *State v. Williams*, 171 Wn.2d 474, 486, 251 P.3d 877 (2011). "Under RCW 9A.76.020(1)'s plain language a person may commit

---

[1] Mr. Tapia does not argue this as a "speech alone" case and, indeed, there is no indication that the officer claimed to have been hindered by Mr. Tapia's speech, which appears to have been merely some coarse language.

obstruction by willfully disobeying a lawful police order in a manner that hinders, delays, or obstructs the officer in the performance of his or her duties." *State v. Steen*, 164 Wn. App. 789, 800, 265 P.3d 901 (2011).[2]

Mr. Tapia contends that his refusal to move or to stop his phone call did not hinder the officer. The trial court concluded otherwise, and the evidence supported that determination. Mr. Tapia was standing practically on top of a volatile arrest where the officer and the arrestee were struggling. The arrestee, Mr. Perez, was in possession of a large hunting knife that the officer had to remove and throw out of the immediate vicinity, but not out of sight. It was within reach of Mr. Tapia unless he backed some distance away. The officer could be reasonably concerned about Mr. Tapia calling for assistance in combat.[3] Mr. Tapia was a potentially dangerous factor for the officer to worry about

---

[2] *Steen*, 164 Wn. App. at 798, noted that: "Hinder" means "to make slow or difficult the course or progress of." WEBSTER'S THIRD NEW INT'L DICTIONARY 1070 (2002). "Delay" means "to stop, detain, or hinder for a time . . . to cause to be slower or to occur more slowly than normal." *Id.* at 595. "Obstruct" means "to be or come in the way of : hinder from passing, action, or operation." *Id.* at 1559.

[3] An entirely different question would be presented if Mr. Tapia had withdrawn to a safe distance and then placed his telephone call. In that circumstance this would be much more similar to the facts in *E.J.J.* There the defendant did step back into his house, at police request, but refused to close the door so that he could watch the encounter between officers and his sister. 183 Wn.2d at 500. The unanimous court, in three different opinions, concluded that watching the investigation (while occasionally spewing invective) did not constitute obstruction.

while struggling with an armed arrestee. It was reasonable to order him back from the arrest.

Mr. Tapia's actions also hindered the officer after the arrest. Mr. Perez used the distraction Mr. Tapia created to kick the officer several times, and then when the officer returned his attention to Mr. Perez, Mr. Tapia stood up, causing Officer Brazeau to once again have to attend to him. Although occurring after the arrest, this behavior supported the view that Mr. Tapia's purpose was to hinder the arrest of Mr. Perez.

Accordingly, we agree that there was probable cause to arrest Mr. Tapia for obstructing a public servant. The evidence, therefore, supported the "lawful arrest" element of the resisting charge.

Mr. Tapia also argues that his action in slipping out of his jacket was mere "passive" behavior not amounting to resistance.[4] Again we disagree. The action broke the officer's hold on him and required the officer to escalate by using force. His action prevented the immediate arrest and required the officer to expend additional effort on securing the young man. This was resistance to the arrest.

---

[4] He also points to the fact that he did not use assaultive force against the officer and analogizes to assault prosecutions where there was either no assault or use of force was justified. As those cases were assault prosecutions involving insufficient evidence or justification, neither of which apply in the resisting arrest setting, they are not apropos.

No. 32558-0-III
*State v. Tapia*

Accordingly, the evidence did support the bench verdict. It was sufficient.

The trespassing count is reversed and the resisting arrest count is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Fearing, J.